**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
GuyonR@gtlaw.com
Adam M. Korn (SBN 333270)
Adam.Korn@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Attorneys for Defendant
Talkdesk, Inc.

**FOLEY & LARDNER LLP**
Steven M. Millendorf (SBN 292704)
*smillendorf@foley.com*
Mikle S. Jew (SBN 316372)
*mjew@foley.com*
555 South Flower St., Suite 3300
Los Angeles, CA 90071
Telephone: 858-847-6814

Attorneys for Defendant
Pre-Paid Legal Services, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNA CROWDER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>PRE-PAID LEGAL SERVICES, INC. D/B/A LEGALSHIELD and TALKDESK, INC.,<br><br>*Defendants*. | CASE NO.   2:24-cv-07123<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)**<br><br>Action Filed:         June 28, 2024<br>Complaint Received:   July 26, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT Defendants Talkdesk, Inc. ("Talkdesk") and Pre-Paid Legal Services, Inc. d/b/a LegalShield ("LegalShield," and collectively "Defendants") hereby remove the above-captioned action, *Crowder v. Pre-Paid Legal Services, Inc. et al.,* Case No. CVRI2403794 (the "State Action"), from the Superior Court of California, County of Riverside, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) and 1441(a). Defendants deny the allegations and relief sought by Plaintiff, and file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor, including without limitation Talkdesk's forthcoming motion to disqualify Plaintiff's counsel.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## REMOVAL VENUE

2. The State Action was filed in the Superior Court of the State of California for the County of Riverside. Venue properly lies in the United States District Court for the Central District of California in the Eastern Division pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1441(a).

## SERVICE ON THE STATE COURT

3.      Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Riverside County Superior Court.

## BACKGROUND

4.      On June 28, 2024, Plaintiff Ronna Crowder ("Plaintiff") filed the Complaint in the State Action against Talkdesk and LegalShield.

5.      In the Complaint, Plaintiff asserts that her allegedly confidential communications with LegalShield about her allegedly "sensitive financial information" and "sensitive personal information" were recorded and shared with Talkdesk pursuant to LegalShield's alleged use of Talkdesk's software. *See* Complaint ("Compl."), ¶¶ 1-51, annexed hereto as Exhibit A. She asserts that this conduct violates the California Invasion of Privacy Act ("CIPA") prohibitions against wiretapping, recording of a confidential communication, and recording of a telephone call, Cal. Penal Code §§ 631, 632, and 637, and constitutes a violation of her common law right to privacy and a breach of quasi-contract. *Id*. ¶¶ 58-126. Plaintiff brings this action on behalf of herself and a putative class of California residents.

6.      Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true copies of all process, pleadings, and orders served upon Defendants in the State Action (Exhibit A). For the Court's ease of reference, also attached is the remainder of the State Action file (Exhibit B).

## TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely because it is filed within 30 days from service of process on Defendants, which is the date that the Complaint was received by Defendants.

8.      Defendants each received a copy of the Complaint on July 26, 2024, when they were served by personal service. Defendants also each received as part of the service of

process package a copy of the Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Packet.

## THE CENTRAL DISTRICT OF CALIFORNIA HAS ORIGINAL JURISDICTION OVER THE STATE ACTION PURSUANT TO CAFA

9.    Under CAFA, a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

10.    Contrary to other grounds for removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

11.    To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000.00 and, in removal based on diversity, that minimum diversity exists; meaning at least one prospective class member is diverse from at least one defendant. *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193, 1197 (9th Cir. 2015).

12.    This requires only a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553-54.

A.    ***The Diversity Requirement is Met in this Case.***

13.    As noted above, in cases invoking CAFA, minimum diversity exists when at least one prospective class member is diverse from at least one defendant. 28 U.S.C. § 1332(d)(2)(A). For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." *Id.*, § 1332(d)(7).

14.     Plaintiff alleges she is domiciled in Hemet, California. Compl. ¶ 7. LegalShield is an Oklahoma corporation with its principal place of business in Oklahoma. *Id*. ¶ 8. Plaintiff alleges Talkdesk is a Delaware corporation. *Id*. ¶ 9. Therefore, at least one putative class member, Plaintiff, is diverse from at least one defendant, LegalShield. 28 U.S.C.§ 1332(d)(2)(A).

15.     Moreover, Plaintiff alleges that the proposed class consists of "all California residents who made or received an email, chatbot chat, call, or text message by a company that uses Talkdesk's products, and who did not consent to Talkdesk tapping, intercepting, listening to, using, and/or recording the call." Compl. ¶ 58.

16.     Significantly, the Complaint does not limit the class to California citizens, but to California ***residents***. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001)*.* As the Ninth Circuit explained in *Kanter*, an individual "residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *see also Doe v. PHE, Inc.*, No. 2:24-CV-01065-RGK-SK, 2024 WL 1639149, at *2 (C.D. Cal. Apr. 15, 2024) ("State citizenship is determined by a person's domicile, not their residence. . . . Being a mere resident in a state does not necessarily mean one is domiciled in that state."). That the class is comprised of plaintiffs who *reside* in California does not establish that each of its members are *citizens* of California for the purposes of analyzing diversity of citizenship.

17.     The Ninth Circuit has held that residence is not prima facie evidence of citizenship. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880 (9th Cir. 2013). To the contrary, allegations like those Plaintiff asserts here have been held to evidence that a putative class is *not* limited to California citizens. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (holding that CAFA's minimum diversity requirement met where "complaint describ[ed] the class as 'all California individuals, businesses and other entities who accepted Visa-branded cards *in California* since January 1, 2004'" because "the class, on its face, included many non-citizens of California." (emphasis added)); *Henry*

4

*v. Cent. Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017) (holding that a complaint defining the class as "all individuals who worked for [CFL] *in California* as Truck Drivers and who were classified [] as independent contractors" met the minimum jurisdiction requirement of CAFA (emphasis added)); *see also PHE, Inc.*, 2024 WL 1639149, at *2 ("Plaintiff contends the California citizenship requirement is satisfied because the class is 'comprised solely of California residents.' . . . The citizenship requirement is not satisfied because Plaintiff provides no independent evidence regarding class members' citizenship").

18.    As noted above, minimum diversity exists under CAFA because at least one putative class member, Plaintiff, is diverse from at least one defendant, LegalShield. 28 U.S.C. § 1332(d)(2)(A). Though that alone is sufficient under CAFA, minimum diversity exists here because the class encompasses not only California citizens "who made or received an email, chatbot chat, call, or text message by a company that uses Talkdesk's products" (Compl. ¶ 58), but also includes non-citizen residents such as members of the military, out-of-state students, owners of second homes, other temporary residents, and persons who otherwise reside in California but are not citizens of the State. *See Mondragon*, 736 F.3d at 884.

19.    Minimum diversity therefore exists.

**B.    *The Alleged Class in This Case Has More Than 100 Members.***

20.    CAFA applies to cases in which the number of members of a proposed class is more than 100. 28 U.S.C. § 1332(d)(5)(B).

21.    Plaintiff alleges there are "thousands of Class Members or more." Compl. ¶ 60.

22.    Therefore, Plaintiff's proposed class contains at least 100 members.

**C.    *The Amount in Controversy Exceeds the Sum or Value of $5,000,000 Exclusive of Interest and Costs.***

23.    Defendants deny any liability as to Plaintiff's claims, disputes that Plaintiff has stated any viable claims, and also disputes that Plaintiff and the putative class members are entitled to any relief. Nevertheless—accepting the allegations contained in the Complaint for removal purposes only— the allegations in the Complaint and the nature of Plaintiff's

claims make clear that the amount in controversy requirement is satisfied.

24.    CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To establish the amount in controversy sufficient to remove a class action case to federal court, a defendant need not submit proof to establish the amount in dispute, but need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89; *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart*, 135 S. Ct. at 554).

25.    In assessing the amount in controversy, the court considers the allegations in the complaint. *Gonzalez v. Comenity Bank,* No. 119CV00348AWIEPG, 2019 WL 5304925, at *4 (E.D. Cal. Oct. 21, 2019). The amount in controversy reflects the maximum amount a plaintiff asserts he could recover by way of the complaint and is not a judicial admission regarding liability. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The Class's actual likelihood of recovery based on the merits of the case is irrelevant to the amount in controversy analysis. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (noting that the "mere futurity of certain classes of damages does not preclude them from being part of the amount in controversy"); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (in assessing the amount in controversy, the court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."); *Naffe v. Frey*, 789 F.3d 1030, 1039-40 (9th Cir. 2015) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") (quoting *St. Paul Mercury Indemnification Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

26.    In calculating the amount placed in controversy, defenses that a defendant may assert—such as a statute of limitations—are not considered. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect

the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses . . . may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

27.   Plaintiff seeks statutory damages of $5,000 "*per violation*" of three separate sections of CIPA (Cal. Penal Code §§ 631, 632, and 632.7), on behalf of herself and the members of the putative class, which she alleges to be in the "thousands" or "more." *Id*. ¶¶ 58, 60, 76, 86, 99.

28.   Section 637.2(a)(1) of the California Penal Code provides: "*Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts*: (1) *Five thousand dollars ($5,000) per violation*[] [or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff.*" (Emphasis added)

29.   If limited to only LegalShield—with at least "4.5 million" subscribers throughout North America, *see Affordable, Accessible Legal Services for Everyone*, LEGALSHIELD.COM, available at https://www.legalshield.com/why-legalshield/about/ (last visited Aug. 16, 2024)—the number of California residents alleged to have suffered a CIPA violation based on LegalShield's and Talkdesk's alleged conduct well exceeds one thousand, which is the minimum number of persons required to meet the amount in controversy of $5,000,000 in statutory damages alone if one assumes only one CIPA violation per individual. Indeed, even if only California citizens were considered, the damages claims of the putative Class, in the aggregate, would exceed CAFA's five million dollar amount-in-controversy threshold.

30.   As such, the $5,000,000 jurisdictional threshold is easily met. Therefore, jurisdiction in the Central District of California is proper under 28 U.S.C. §§ 1332(d).

## CONCLUSION

31.    For the foregoing reasons, removal pursuant to 28 U.S.C. § 1332(d) is proper.[1]

32.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Riverside.

33.    Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel by email and U.S. mail.

34.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are being filed with the Court contemporaneously with this Notice of Removal.

35.    By filing this Notice of Removal, Defendants do not waive any defenses available under the law.

36.    Defendants do not concede that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to damages, equitable relief, attorneys' fees and costs, or any other form of relief.

THEREFORE, Defendants remove this action to this Court from the Superior Court of the State of California, County of Riverside.

Respectfully submitted,

Dated:  August 22, 2024        GREENBERG TRAURIG, LLP

By:  /s/Rebekah S. Guyon
Rebekah S. Guyon
*GuyonR@gtlaw.com*
Attorneys for Defendant
Talkdesk, Inc.

Respectfully submitted,

---

[1]    Defendants reserve the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart*, 135 S. Ct. at 554 ("[e]vidence establishing the [jurisdictional] amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)**

Dated: August 22, 2024                 FOLEY & LARDNER LLP

                                       By: /s/ Mikle S. Jew
                                       Mikle S. Jew
                                       *mjew@foley.com*
                                       Attorneys for Defendant
                                       Pre-Paid Legal Services, Inc.

## **ATTORNEY ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Rebekah S. Guyon, hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 22, 2024                 GREENBERG TRAURIG, LLP

                                       By */s/ Rebekah S. Guyon*
                                       Rebekah S. Guyon

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)

# PROOF OF SERVICE

I am a citizen of the United States and am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067; Email: sharifih@gtlaw.com.**

On August 22, 2024, I served the **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(d) & 1441(a)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **(BY FIRST CLASS MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐    **BY PERSONAL SERVICE**:

☐    **(BY OVERNIGHT COURIER)**

I deposited such envelope for collection and delivery by an overnight courier service with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by an overnight courier service. They are deposited with a facility regularly maintained by the overnight courier service for receipt on the same day in the ordinary course of business.

☒    **(BY E-MAIL)**

By transmitting via e-mail the document(s) listed above to the addresses set forth above on this date before 5:00 p.m. This method of service was made pursuant to the agreement of counsel.

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

         */s/ Haleh Sharifi*
         Haleh Sharifi

# SERVICE LIST

Stephen Andrews
Christin Cho
DOVEL & LUNER, LLP
201 Santa Monica Blvd, Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-656-7069
Email: stephen@dovel.com
         christin@dovel.com

Attorneys for Plaintiff
Ronna Crowder


Steven M. Millendorf
Mikle S. Jew
FOLEY & LARDNER LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071
Telephone: 213.972.4500
Facsimile: 213.486.0065
Email: *mjew@foley.com*
        *smillendorf@foley.com*

Attorneys for Defendant
Pre-Paid Legal Services, Inc.

**PROOF OF SERVICE**